# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

LISA WALSH,

        Plaintiff(s),

v.

CSX TRANSPORTATION, INC.
and CSX CORPORATION,

        Defendant(s).

**DECISION AND ORDER**
06-CV-6588



## Preliminary Statement

On October 10, 2006, plaintiff commenced this personal injury action in the New York State Supreme Court, Monroe County. See Complaint annexed to Docket # 1. On November 22, 2006, defendants removed the action to federal court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction. See 28 U.S.C. § 1332. On January 12, 2007, the parties consented to the dispositive jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). See Docket # 6. Currently pending before the Court is defendants' motion for summary judgment. (Docket # 14).

Defendants move for summary judgment on grounds that (1) plaintiff failed to establish that defendants owned the specific location/property where she fell, (2) defendants were not in control of the property where she fell, (3) defendants had no notice of the alleged defective condition where she fell, and (4) there is no basis for a premises liability negligence claim against CSX Corporation ("CSX") because it is nothing more than a holding company and neither possessed or controlled the subject property. See Defendants'

Memorandum of Law (Docket # 17). On May 5, 2009, the Court held a hearing and arguments were heard from both parties.

## Relevant Facts

At approximately 8:00 p.m. on November 10, 2003, while returning to her parked car after picking up a sandwich, plaintiff fell while walking in the parking lot at the intersection of East Maple and Main Street in the Village of East Rochester. See Deposition Transcript of Lisa Walsh (hereinafter "Walsh Deposition") annexed as Exhibit "4" to Docket # 16 at pp. 8, 12, 15-16. As she approached her car, plaintiff fell after her left foot got caught in broken pavement. Id. at p. 16. Although the parking lot "was not lit very well," the conditions of the parking lot were dry. Id. at pp. 15-16 ("It was dry. No rain. No snow. No ice."). According to plaintiff, there was "a lip from the street to the parking lot." Id. at p. 17. Plaintiff believes that she fell because her foot got caught on the lip between the parking lot and the street. Id. at pp. 17-18.

As the record before the Court makes clear, much of the discovery in this case focused on who owned, controlled and maintained the parking lot where plaintiff fell. The rear of the parking lot at issue backed up to railroad tracks owned by the defendant CSX Transportation, Inc. ("CSXT"). In moving for summary judgment, CSXT made two primary arguments. First, CSXT claimed that the alleged defect which caused plaintiff to trip and fall is located on property owned by the Village of East Rochester and thus CSXT is

2

not liable. During the summary judgment hearing, the Court determined that there was, at the very least, issues of material fact concerning the precise boundary line separating village owned property from CSXT owned property which precluded granting CSXT summary judgment.

The second argument made by CSXT is that even if CSXT owned the property where plaintiff tripped, CSXT was entitled to summary judgment because it was an "out-of-possession owner[] which did not retain any control over the premises." See Defendants' Memorandum of Law (Docket # 17) at p. 10. In support of this argument CSXT relies on deposition testimony of both CSXT and Village employees who confirmed that for over twenty-five years the Village has maintained and exercised exclusive control over the Maple Street parking lot where plaintiff fell. David Bussey, the Village's Superintendent of Department of Public Works ("DPW") since 1985 testified that for as long as he has been the Superintendent, the Village was responsible for paving, patching, plowing, repairing, re-striping and resurfacing the Maple Street parking lot where plaintiff fell. See Deposition Transcript of David C. Bussey annexed as Exhibit "6" to Docket # 16. Bussey testified that he has never seen "anyone from the Railroad" salting, paving, plowing or exercising control over the parking lot. Id. at p. 29. According to Bussey, the Village has never billed CSXT for any costs associated with maintenance of the parking lot's surface and he was not aware of any agreement between the Village and

3

CSXT regarding pavement maintenance.[1] Bussey testified that he had never complained to "the Railroad" concerning the conditions of the parking lot surface because it has "*always been my understanding that it's ours to maintain.*" Id. at p. 35 (emphasis supplied). Richard Essom, a DPW foreman testified that he was part of a DPW crew that paved the Maple Street lot in the 1980's. See Deposition Transcript of Richard B. Essom, Sr. annexed as Exhibit "7" to Docket # 16. Essom testified that every year a DPW crew re-paints the stripes in the parking lot and he has never seen Railroad employees working in or maintaining the parking lot. Essom also testified that the catch basin grate located in the area where plaintiff fell was maintained by the Village. Id. Paul Tresco, who was CSXT's "track supervisor" for the Rochester area at the time plaintiff fell in 2003, testified that he never had any discussion with Village officials about maintaining the Maple Street parking lot and assumed that the entire lot belonged to East Rochester. See Deposition Transcript of Paul D. Tresco annexed as Exhibit "5" to Docket # 16.

---

[1] A sloped berm separates the parking lot pavement from the stone area around the railroad tracks. Bussey testified that upkeep of the berm is CSXT's responsibility and the Village has occasionally billed CSXT for brush and weed clearing on the berm. However, with respect to the paved area of the parking lot, the only repair bill that was sent to CSXT was for damage that resulted from a train derailment that occurred several years before plaintiff fell. See Deposition Transcript of David C. Bussey annexed as Exhibit "6" to Docket # 16 at pp. 35-38, 56-57. The derailment damage was located approximately 1000 feet east of where plaintiff fell and any pavement repairs paid for by CSXT had nothing to do with plaintiff's injuries. Id.

4

## Discussion

**Summary Judgment Standard:** Summary judgment shall only be granted if the record demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). The burden of showing the absence of any issue of material fact rests with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**Out of Possession Owner:** For purposes of summary judgment the Court will assume that CSXT was the owner of at least that portion of the parking lot where plaintiff fell. The relevant issue then is whether there exists a triable issue of fact as to whether CSXT is legally responsible for any alleged defect in the pavement that proximately caused plaintiff's injuries.

CSXT argues that if it does own the property where plaintiff fell, it is an "out-of-possession" owner and thus not liable. Under

New York law,[2] "[i]t has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property." Ritto v. Goldberg, 27 N.Y.2d 887, 889 (1970)(citations omitted); see also Butler v. Rafferty, 100 N.Y.2d 265, 270 (2003)("Predicating liability on a landowner's possession and control of the premises is firmly entrenched in our case law."). The Court of Appeals has found that the person in possession and control of the property "is best able to identify and prevent any harm to others." Butler, 100 N.Y.2d at 270. Thus, when a person chooses to take possession and control of a property, that person "is fairly charged with the responsibility of maintaining it and should expect to be held responsible for any defects." Id. Accordingly, "an out-of-possession owner will not be liable for injuries that occur on the premises unless it has retained control over the premises or is contractually obligated to repair or maintain the premises." Richardson v. Yasuda Bank & Trust Co., 5 A.D.3d 458, 459 (2d Dept. 2004). It is the property owner's burden to make a *prima facie* showing that it is in fact an out of possession owner.

---

[2] Since this Court's jurisdiction is based on diversity, New York State's choice of law rules apply. See Lee v. Bankers Trust Co., 166 F.3d 540, 545 (2d Cir. 1999)(noting that a "federal court sitting in diversity applies the choice of law rules of the forum state"). In tort cases, under New York's choice of law rules, the law of the place of the tort ordinarily applies. Id. Accordingly, since the alleged tort took place in New York and the parties' briefs both assume that New York substantive tort law applies, the Court will apply the substantive tort law of New York.

6

Danielson v. Jameco Operating Corp., 20 A.D.3d 446, 448 (2d Dept. 2005).

CSXT has met its burden. All of the evidence in the record supports CSXT's claim that the Village exercised exclusive control and maintenance of the Maple Street parking lot, including the specific area where plaintiff fell. There is no evidence of any affirmative conduct by CSXT over the last twenty years which would even suggest that it had assumed any duty of care towards the parking lot and, indeed, the record demonstrates just the opposite. The evidence is undisputed that over the last two decades, the Village of East Rochester paved the lot, plowed the lot, painted the lot, and repaired the lot. There is no evidence that during any relevant time period CSXT ever exercised control over the paved portion of the parking lot, nor is there any evidence of any formal or informal agreement to do so. Put simply, assuming the defendant had an ownership interest in the location of the parking lot where plaintiff fell, CSXT has met its *prima facie* burden of showing that it had completely relinquished possession and control of the lot to the Village and thus qualifies as an out of possession owner.

Having determined that CSXT made a *prima facie* showing that it qualifies as an out of possession owner, plaintiff has to come forward with sufficient evidence to support a jury verdict in its favor. Russell v. Verizon Commc'ns, Inc., No. 01-CV-752A, 2007 WL 602239, at *3 (W.D.N.Y. Feb. 20, 2007)(To defeat summary judgment,

"the nonmoving party must come forward with sufficient evidence to support a jury verdict in its favor; the motion will not be defeated based upon conjecture, surmise or the existence of 'metaphysical doubt' concerning the facts"). Plaintiff has not come forward with any evidence to rebut CSXT's *prima facie* showing. Indeed, in her Rule 56 counter statement of undisputed material facts (see Plaintiff's Statement of Undisputed Material Facts annexed to Docket # 18), plaintiff does not dispute the two key factual allegations in CSXT's statement of undisputed material facts relating to the tort liability of an out of possession owner: (1) the Village of East Rochester "controlled, maintained, and inspected" the location where plaintiff fell, and (2) "It was the Village's responsibility to maintain the parking lot." See Defendants' Statement of Undisputed Material Facts (Docket #15) at p. 2. Plaintiff's claim in her Rule 56 counter statement that "[t]he record is completely devoid of any documentation" that CSXT "objected" to the Village's paving of the parking lot or "even knew where the railroad right of way ended" is insufficient to create a material factual issue over whether CSXT had relinquished possession and control over that portion of the Maple Street parking lot where plaintiff fell. See Plaintiff's Statement of Undisputed Material Facts annexed to Docket # 18 at ¶ 4. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will

8

not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

In sum, CSXT demonstrated its entitlement to judgment as a matter of law by establishing that it was an out of possession owner and that the Village of East Rochester had assumed possession and control over the location where plaintiff fell. See Valenti v. 400 Carlls Path Realty Corp., 52 A.D.3d 696 (2d Dept. 2008)(where defendant established that it was an out of possession owner who had no duty to maintain or repair the parking lot, it was entitled to summary judgment against the injured plaintiff who slipped and fell over a hazardous condition); Ellers v. Horwitz Family Ltd. P'ship, 36 A.D.3d 849, 851 (2d Dept. 2007)(Out of possession commercial landlord with no retention of control of parking lot was not liable for personal injuries arising from slip-and-fall accident which occurred in parking lot).

### Conclusion

For the reasons set forth above, the defendants' motion for summary judgment (Docket # 14) is **granted**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 29, 2009
Rochester, New York

9